**Daniel E. ZIMMERMAN, Appellant,**

v.

**Joseph LASKY, Clerk of Court, Thomas Bujold, Judge of County Court, Respondents.**

**No. C2-85-908.**

Court of Appeals of Minnesota.

Sept. 24, 1985.

Review Denied Nov. 26, 1985.

Daniel E. Zimmerman, pro se.

Alan L. Mitchell, St. Louis County Atty. Barbara Russ, Asst. County Atty. Duluth, Hubert H. Humphrey, III, Minn. Atty. Gen., Peter M. Ackerberg, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is an appeal of the dismissal of appellant's complaint. Appellant claims the trial court erred by (1) finding the respondent judge judicially immune from suit, (2) finding respondent clerk of court was acting within his authority in administering the collection of appellant's fine, and (3) denying appellant's motion for temporary and permanent injunctive relief. We affirm.

## FACTS

On January 9, 1984, appellant appeared pro se and was convicted by respondent county judge of three petty misdemeanors: (1) operating a motor vehicle without license in possession (fined $25), (2) operating a motor vehicle without insurance (fined $100), and (3) expired license plates (fined $25).

On February 10, 1984, appellant's motion for new trial was denied. On March 16, 1984, appellant's motion to vacate was heard and the judge dismissed the expired plates conviction. On October 12, 1984, the

county court notice showing a fine of $150 due and owing was mailed to appellant. On November 22, 1984, respondent clerk of court mailed appellant an overdue notice of his $150 fine. On November 28, 1984, appellant's motion for an indefinite continuance and a stay of sentencing was denied. On February 8, 1985, the county court amended notice was mailed to appellant showing a $125 fine due and owing.

Appellant then sued in district court for $1000 damages for monetary loss, costs, disbursements, and attorney's fees, and sought temporary and permanent injunctive relief to restrain respondents from holding appellant in contempt of court or seeking incarceration for appellant's failure to pay the $125 fine. On February 25, 1985, summary judgment was granted dismissing the entire matter with prejudice.

### ISSUE

Was summary judgment proper?

### ANALYSIS

1. Summary judgment may be granted if "there is no genuine issue as to any material fact and * * * either party is entitled to a judgment as a matter of law." Minn.R.Civ.P. 56.03.

On appeal from a summary judgment it is the function of this court only to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law.

*Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

This appeal does not present any issues of material fact. Appellant claims the district court improperly applied the law in (1) finding respondent county judge "clothed with judicial immunity," (2) finding respondent clerk of court acted within the scope of his authority, and (3) denying an injunction because appellant failed to follow proper procedure.

2. To be immune, a judge must be acting with jurisdiction and within judicial capacity. *Hoppe v. Klapperich*, 224

Minn. 224, 235, 28 N.W.2d 780, 788 (1947). Here, the county judge acted within his jurisdiction in hearing a complaint lawfully brought in St. Louis County Court. He also acted within his judicial capacity by sentencing appellant according to the law. *See* Minn.Stat. §§ 65B.48, 169.79, 171.08 (1984).

It is also clear that bias is not necessarily lacking when the result is sound. A correct decision can, however, effectively show lack of causation of any damage through bias, and our subsequent consideration and approval of the earlier result should confirm public confidence in judicial performance and the integrity of the judicial process.

*Peterson v. Knutson*, 305 Minn. 53, 65, 233 N.W.2d 716, 723 (1975).

3. While appellant claims he was entitled to a jury trial, "[a] person charged with a petty misdemeanor is not entitled to a jury trial but shall be tried by a judge without a jury." Minn.Stat. § 169.89, subd. 2.

4. Appellant claims respondent clerk's attempts to collect the fine imposed by the county court were unlawful. Respondent clerk was, however, acting within the scope of his authority and appellant admits it is the clerk's duty to administer the collection of fines. Appellant challenges the notice to him concerning contempt of court liability and incarceration for failure to pay. Those sanctions are warranted by statute. *See* Minn.Stat. §§ 588.01, subd. 3(3), .02, .04, .10, .20.

5. Appellant claims the denial of an injunction was improper because he is faced with the irreparable harm of an unlawful conviction. "Granting equitable relief is within the sound discretion of the trial court. Only a clear abuse of that discretion will result in reversal." *Nadeau v. County of Ramsey*, 277 N.W.2d 520, 524 (Minn.1979).

Equitable relief is granted only upon a showing of the inadequacy of any legal remedy. *Cherne Industrial, Inc. v. Grounds & Associates, Inc.*, 278 N.W.2d

81, 92 (Minn.1979). The legal remedy must be "as practical and efficient to the ends of justice" as the injunctive relief. *Yager v. Thompson,* 352 N.W.2d 71, 74 (Minn.Ct. App.1984). "If a statute * * * provides a remedy by appeal or otherwise, such remedy is generally exclusive and will preclude any resort to equity." *Adelman v. Onischuk,* 271 Minn. 216, 228, 135 N.W.2d 670, 678 (1965).

The district judge did not abuse his discretion in ruling appellant proceeded improperly in district court instead of appealing his conviction. *See* Minn.R.Crim.P. 28.-01. Appellant did not perfect a proper appeal.

## DECISION

The summary judgment dismissing appellant's complaint was proper. The county judge is immune from suit and the clerk was acting within the scope of his authority. Appellant's motion for injunctive relief was properly denied.

Affirmed.