# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1314

_____

Alan Drobnak; Keith Markowitz;      \*
Dennis Cirks, on behalf of themselves      \*
and all others similarly situated,      \*
     \*
         Appellants,      \*    Appeal from the United States
     \*    District Court for the
     v.      \*    District of Minnesota.
     \*
Andersen Corporation;      \*
Andersen Windows, Inc.,      \*
     \*
         Appellees.      \*

_____

Submitted: November 13, 2008
Filed: April 6, 2009

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Alan Drobnak, Keith Markowitz, and Dennis Cirks, the named plaintiffs in a purported class action lawsuit against Andersen Corporation and Andersen Windows, Inc. (collectively, Andersen), appeal from the district court's[1] dismissal with prejudice of the amended class complaint, as well as the district court's denial of leave to amend

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

the complaint. Drobnak also appeals from the dismissal without prejudice of his surviving claim. We affirm.

## I.

On appeal from dismissal under Federal Rule of Civil Procedure 12(b)(6) and Rule 9(b), we accept as true the factual allegations contained in the complaint and draw all reasonable inferences in favor of the nonmoving party. Noble Sys. Corp. v. Alorica Central, LLC, 543 F.3d 978, 981 (8th Cir. 2008); United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 555-56 (8th Cir. 2006).

Andersen manufactures and sells insulated glass products, including windows, doors, and skylights. According to Andersen's website, some of these products contain dual-pane glass, the space between the panes being filled with an argon gas blend to minimize thermal transfer and increase the products' energy efficiency. Argon is a transparent, odorless, inert gas recognized for its insulating capabilities. In at least one of its product lines, Andersen represented that it secures its insulating glass with two sealants, which "helps provide a longer life for the windows, helping to prevent moisture from leaking in between the double glazing, and preventing the argon gas blend from leaking out."

Andersen installs capillary or breather tubes in its windows that are destined for cold environs and those that are transported across or installed in high altitudes. The tubes are installed to enable the pressure between the panes to equalize with atmospheric pressure, thus eliminating any pressure disparity that would otherwise cause the panes to shatter or bulge. The tubes, however, cause the inert gas to diffuse out of the window and into the atmosphere, resulting in the space between the panes eventually being filled with air.

Drobnak, a Colorado resident, filed a class action complaint against Andersen, alleging violations of Minnesota law. Drobnak sought damages and injunctive relief for the harm from Andersen products fitted with capillary or breather tubes, "when it was known within the industry generally and Andersen specifically that capillary or breather tubes cause the loss of inert gas and, therefore, reduction in the insulating capability attributable to the use of such gas." Drobnak sought to represent a nationwide class composed of "[a]ll persons who own homes or other residential or commercial structures containing Andersen double-paned glass products . . . that are fitted with capillary or breather tubes and filled with inert gas." The complaint alleged seven counts, including violations of Minnesota's version of the Uniform Commercial Code, various fraud-based claims, and an equitable cause of action for unjust enrichment.

Andersen moved to dismiss the complaint for failure to state a claim, based largely on Andersen's express disclosure in its product guides that use of the capillary or breather tubes eliminates the argon gas from the product and results in a less effective insulating glass. Andersen supported its motion with copies of excerpts of its product guides from 1988 to 2007.

His original theory having likely been thwarted, Drobnak cast about for an alternative basis for relief, this time by way of an amended complaint that advanced new theories of recovery and added two plaintiffs. In addition to the seven counts alleged in the initial complaint, the amended complaint asserted another U.C.C.-based claim for breach of implied warranty of merchantability and future performance and a claim for common law fraud by omission. The reason for the alleged leaked argon gas also changed. Specifically, the amended complaint alleged that:

> Andersen sold many insulated glass units that it represented were "filled" with inert gas when, in fact, the percentage of inert gas, versus air and other gases, sealed in those units at the time of manufacture was below

-3-

90%. As a result, such units did not have the full insulating capability that they would have had were the units actually "filled" with inert gas.

Andersen sold many inert-gas-filled products that had defective seals that caused permeation, or "leakage," of the inert gas from between the glass panes. As a result, such glass products lose the insulating capability attributable to the gas fill.

The amended complaint also named two new plaintiffs: Cirks, a Minnesota resident who purchased seventeen Andersen inert-gas-filled windows in 1992 and 1993, and Markowitz, a Pennsylvania resident who in 2005 purchased a home that contained Andersen inert-gas-filled windows. Each plaintiff alleged that he "is informed and believes, and thereon alleges, that his Andersen windows were not filled with inert gas at the time of purchase and/or experienced gas leakage."[2] The amended complaint did not set forth the source of the information or the reasons for the belief.

Drobnak notified Andersen of its breach of express warranties in March 2007, and David Yancey, the named plaintiff in a separate purported class action proceeding in the California state court system, also provided notice to Andersen in March 2007. The amended complaint alleged that Andersen failed to remedy the breach and that "[f]urther notice by additional Plaintiffs and Class members would be futile." The plaintiffs in the amended Minnesota action again sought to represent a nationwide class, excluding California, of persons "who own homes or other residential or commercial structures containing inert-gas-filled glass products . . . that were manufactured by [Andersen]."

Andersen withdrew its first motion to dismiss and filed a second motion, which responded to the amended complaint. During the hearing on the motion to dismiss and in a letter to the court following the hearing, plaintiffs' counsel asked the court

---

[2]Drobnak also purchased an Andersen inert-gas-filled patio door, which he alleged, on information and belief, was not filled and/or leaked.

for leave to amend "should the Court find that the Amended Complaint . . . fails to state a claim."  The plaintiffs did not move to amend or file a proposed amended complaint before the district court granted Andersen's second motion to dismiss.

The district court dismissed with prejudice the fraud-based claims for failure to satisfy Rule 9(b), the U.C.C.-based claims for failure to provide adequate notice, and the equitable claim because there was an adequate legal remedy available. Drobnak's claim for breach of express warranty, however, was dismissed without prejudice because he had provided notice to Andersen.  His remaining U.C.C.-based claims were dismissed with prejudice because the statute of limitations had run and he failed to adequately plead fraudulent concealment.

After dismissal, plaintiffs moved for reconsideration and asked for leave to amend the complaint, attaching a proposed second amended complaint to the letter brief.  In the proposed second amended complaint, plaintiffs alleged that counsel caused forty-one Andersen windows to be tested by an independent laboratory through a consultant in the spring and summer of 2007 and that two windows, including one belonging to Cirks were tested later in 2007.  Plaintiffs did not allege that any of Drobnak's or Markowitz's windows were tested.  According to the proposed second amended complaint, most of the windows that were tested contained argon gas levels of less than 80%; Cirks's window contained just over 50%.  The district court denied the motion for reconsideration, concluding that counsel's request at oral argument and his follow-up request in writing did not comply with Minnesota's local rules because no amended complaint accompanied those requests.  The district court reviewed the proposed amended complaint and found it troubling that Cirks's window was tested after plaintiffs filed their amended complaint.  The district court found no reason to reconsider its dismissal and denied plaintiffs' request for leave to amend.

II.

The named plaintiffs appeal the dismissal of the amended class complaint, arguing that the amended complaint satisfied Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure. The plaintiffs also contend that the district court erred as a matter of law in holding that Cirks and Markowitz had not put Andersen on notice of breach of contract and warranty and that plaintiffs' claim for equitable relief was barred. Drobnak argues that the district court erred in concluding that he failed to adequately plead fraudulent concealment for statute of limitations purposes related to his U.C.C.-based claims and for dismissing without prejudice his express warranty claim for want of subject matter jurisdiction. Finally, the plaintiffs argue that the district court abused its discretion in denying leave to amend the complaint.

## A.  Dismissal of Amended Class Complaint

We review *de novo* a district court's dismissal for failure to state a claim. United States ex rel. Joshi, 441 F.3d at 555. To survive a Rule 12(b)(6) motion to dismiss, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. Bell Atl. Corp. v. Twombly,127 S. Ct. 1955, 1965 (2007). The rule does not require great detail, but the facts alleged "must be enough to raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face." Id. at 1965, 1974.

### 1.  Dismissal with Prejudice of the Fraud-Based Claims

Rule 9(b) requires that circumstances constituting fraud be pleaded with particularity. Fed. R. Civ. P. 9(b). We interpret this rule "in harmony with the principles of notice pleading," and to satisfy it, the complaint must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up

-6-

thereby." Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002) (citations omitted). In other words, the complaint must plead the "who, what, where, when, and how" of the alleged fraud. United States ex rel. Joshi, 441 F.3d at 556 (citations omitted). This higher degree of notice "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." Id. (citations omitted). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Schaller Tel. Co., 298 F.3d at 746 (quoting Commercial Prop. v. Quality Inns Int'l, Inc., 61 F.3d 639, 644 (8th Cir. 1995)).

Allegations pleaded on information and belief usually do not meet Rule 9(b)'s particularity requirement. See generally, 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1298 (3d ed. 2004); 2 James Wm. Moore et al., Moore's Federal Practice § 9.03[1][g] (3d ed. 1997). When the facts constituting the fraud are peculiarly within the opposing party's knowledge, however, such allegations may be pleaded on information and belief. Fla. State Bd. of Admin. v. Green Tree Fin. Corp., 270 F.3d 645, 668 (8th Cir. 2001). Rule 9(b) is deemed satisfied if the allegations are accompanied by a statement of facts on which the belief is founded. Id. (citing Parnes v. Gateway 2000, Inc., 122 F.3d 539, 549 (8th Cir. 1997)); see also Moore's Federal Practice § 9.03[1][g] (Rule 9(b) may be satisfied "if the pleader identifies the available information on which the allegation of fraud is founded, as well as the efforts made to obtain additional information.").

Plaintiffs alleged four counts sounding in fraud, but the amended complaint does not indicate whether the plaintiffs' windows actually failed. Each plaintiff pleaded, on information and belief, "that his Andersen windows were not filled with inert gas at the time of purchase and/or experienced gas leakage." No facts were pleaded to support this broad allegation, and the plaintiffs did not identify the facts on which the belief was founded. Moreover, pleading this allegation on information and belief was inappropriate because the plaintiffs possess the Andersen products at issue.

-7-

At the time the suit was filed, the plaintiffs—not Andersen—had sole access to the factual underpinnings supporting the conclusion that their windows did not contain inert gas. Perhaps discovery would have explained why the products were not filled with inert gas, and perhaps that information is uniquely within Andersen's control. To get past the pleadings stage, however, Rule 9(b) requires a plaintiff to plead the equivalent of the first paragraph of any newspaper story, Parnes, 122 F.3d at 550. Here, the plaintiffs failed to plead facts to support the "what": that the products they own did not contain inert gas at the time of filing. Instead, the amended complaint makes sweeping class allegations that all Andersen inert-gas-filled products were not filled with inert gas, were sealed defectively, or were fitted with capillary tubes. Accordingly, the amended complaint did not satisfy the Rule 9(b) standard, and the district court rightfully dismissed it.

2. Dismissal with Prejudice of Cirks's and Markowitz's U.C.C.-Based Claims

Plaintiffs argue that the district court erred in concluding that they did not give adequate notice for their U.C.C.-based claims. In both the first and the amended complaint, Plaintiffs pleaded that Drobnak and Yancey, the California plaintiff, notified Andersen of the breach, that Andersen failed to remedy the breach, and that "[f]urther notice by additional Plaintiffs and Class members would be futile." In other words, Cirks and Markowitz were not required to give notice because Andersen already knew of its alleged breach from Drobnak and Yancey. At oral argument, plaintiffs' counsel argued that the lawsuits filed against Andersen provided further notice, bringing plaintiffs' tally to four notices. We agree with the district court that as a matter of law Cirks and Markowitz did not provide adequate notice.

Under Minnesota law, a buyer must "notify the seller of breach or be barred from any remedy." Minn. Stat. § 336.2-607(3)(a). Notice is sufficient so long as it "let[s] the seller know that the transaction is still troublesome and must be watched." Id., U.C.C. cmt. 4. The bar for sufficiency is low, but notice is nevertheless important

because it "informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation." Id.

According to the Minnesota Supreme Court, the notice requirement serves three purposes: (1) notice provides the seller an opportunity to correct any defect; (2) notice affords the seller an opportunity to prepare for negotiation and litigation; and (3) notice provides the seller an opportunity to investigate the claims independently while the products remain in a relatively pristine state. Church of the Nativity of Our Lord v. WatPro, Inc., 491 N.W.2d 1, 5 (Minn. 1992), *overruled on other grounds*, Ly v. Nystrom, 615 N.W.2d 302 (Minn. 2000); see also Christian v. Sony Corp. of Am., 152 F. Supp. 2d 1184, 1187-88 (D. Minn. 2001). In analyzing the Uniform Sales Act provision which preceded and corresponds to U.C.C. § 2-607, Judge Learned Hand made the following observation:

> The plaintiff replies that the buyer is not required to give notice of what the seller already knows, but this confuses two quite different things. The notice "of the breach" required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but of buyer's claim that they constitute a breach. The purpose of the notice is to advise the seller that he must meet a claim for damages, as to which, rightly or wrongly, the law requires that he shall have early warning.

Am. Mfg. Co. v. U.S. Shipping Bd. Emergency Corp., 7 F.2d 565, 566 (2d Cir. 1925).

Cirks and Markowitz relied solely on Drobnak and Yancey's notice and lawsuits, alleging that further notification would be futile. By choosing not to provide notice, Cirks and Markowitz deprived Andersen of its opportunity to cure the alleged defect and failed to "open the way for normal settlement through negotiation." Minn. Stat. § 336.2-607(3)(a), U.C.C. cmt. 4. The failure to notify Andersen is especially troubling because plaintiffs' theory of the case changed significantly after Cirks and Markowitz joined the lawsuit. Drobnak's original complaint alleged that windows

destined for travel across or installation in high altitudes were fitted with capillary tubes causing inert gas to disperse into the air. The amended complaint included the first complaint's theory, along with allegations that the windows were never filled with inert gas and/or the windows' seals failed causing the dispersion of the inert gas. Moreover, after adding Cirks and Markowitz as named plaintiffs, the class allegations expanded to include all Americans, except Californians, who owned a home or business that contained an Andersen inert-gas-filled product. Minnesota Statute § 336.2-607 required the plaintiffs to give Andersen some notification of its breach, and the district court thus did not err in holding that Cirks and Markowitz had failed to provide any.[3]

We also find plaintiffs' reliance on Church of the Nativity of Our Lord v. Watpro, Inc. unavailing. There, the plaintiff notified the manufacturer's agent of the breach. 491 N.W.2d at 4, 6. The agent was given written notice of the defects and communicated with the plaintiff regarding the defects and the warranty. Id. at 4. The Minnesota Supreme Court held that "[i]n a breach of warranty claim, notice given by the buyer to the identified agent of a remote manufacturer is sufficient notice under Minn. Stat. § 336.2-607(3)(a), particularly where, as here, the guarantee specifically requires notice to the identified agent." Id. at 6. The court concluded that the remote manufacturer "received timely and adequate notice through agency as well as actual notice of serious and continuing problems" related to its product. Id. Watpro, however, cannot save Cirks and Markowitz's claims because they failed to provide specific notice of their complaints to anyone. See Christian, 152 F. Supp. 2d at 1188 & n.2 (granting summary judgment in favor of the manufacturer because plaintiffs did not give notice of the breach either to the manufacturer or the retailers from which they bought the manufacturer's product).

---

[3]Plaintiffs' reply brief seems to acknowledge that the named plaintiffs should have given notice for their U.C.C.-based claims. In discussing the dismissal without prejudice of Drobnak's breach of express warranty for future performance, the brief states, "the U.C.C. notice requirement applies only to the named plaintiffs."

### 3. Dismissal of Drobnak's U.C.C.-Based Claims

Drobnak contends that the district court erred in concluding that the statute of limitations barred his breach of contract claim, his breach of consumer warranty claim, and his breach of implied warranty of merchantability and future performance claim. The statute of limitations on each of these claims is four years. Minn. Stat. § 336.2-725(1). The breach of contract claim accrued at the time of breach, and the breach of warranty claims accrued when tender of delivery was made. Id. Drobnak does not dispute that the statute of limitations has run, but rather argues that Andersen fraudulently concealed his claims and thus the statute of limitations should have been tolled.

To establish fraudulent concealment, a plaintiff must plead that "there was an affirmative act or statement which concealed a potential cause of action, that the statement was known to be false or was made in reckless disregard of its truth or falsity, and that the concealment could not have been discovered by reasonable diligence." Haberle v. Buchwald, 480 N.W.2d 351, 357 (Minn. Ct. App. 1992). If there is no fiduciary relationship between the parties, "there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action." Wild v. Rarig, 234 N.W.2d 775, 795 (Minn. 1975). Even in an arm's-length transaction, however, misleading partial disclosures may constitute affirmative fraud and fraudulent concealment. Marvin Lumber and Cedar Co. v. PPG Indus., Inc., 223 F.3d 873, 877 (8th Cir. 2000).

There is no allegation that Andersen made an affirmative act or statement in furtherance of the fraud. Instead, Drobnak argues that Andersen made misleading partial disclosures concerning the inert-gas-fill rate and the ability of its products to retain the inert gas, essentially repeating his general U.C.C.- and fraud-based allegations. Even if these statements amount to misleading partial disclosures, they do not amount to fraudulent concealment because Drobnak had access to the facts that

would allow him to plead his cause of action. To make out his breach of contract and breach of warranty claims, Drobnak was required to plead that his Andersen windows were not performing as promised, and those facts were in his hands. The alleged partial disclosures could not have concealed the fact that the windows failed.

We also affirm the dismissal without prejudice of Drobnak's claim for breach of express warranty. After carefully reviewing the record and the parties' submissions, we agree that Drobnak failed to prove by a preponderance of the evidence that the amount in controversy exceeded $5 million, the requisite amount to maintain a class action in federal court. See 28 U.S.C. § 1332(d); Missouri ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995) (concluding that if the amount in controversy is challenged, then the party invoking federal jurisdiction must prove by a preponderance of evidence that it is entitled to recover amount required by § 1332 or face dismissal).

### 4. Dismissal with Prejudice of the Claim for Equitable Relief

The amended complaint alleges one count of unjust enrichment, seeking injunctive relief, restitution, and disgorgement. Equitable remedies are available only when no adequate legal remedy exists. ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc., 544 N.W.2d 302, 305 (Minn. 1996); Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc., 493 N.W.2d 137, 140 (Minn. Ct. App. 1992); Zimmerman v. Lasky, 374 N.W.2d 212, 214-15 (Minn. Ct. App. 1985). Here, plaintiffs would have had an adequate legal remedy against Andersen if they had adhered to the statutory notice and Rule 9(b) pleading requirements. The district court thus properly dismissed the claim for equitable relief. See ServiceMaster of St. Cloud, 544 N.W.2d at 306 (barring equitable recovery for failure to follow statutory or constitutional requirements to perfect a mechanic's lien).

## B.  Denial of Request To File Second Amended Complaint

Plaintiffs argue that the district court abused its discretion in denying them leave to file an amended complaint to comport with Rule 9(b).  See Enervations, Inc. v. Minn. Mining and Mfg. Co., 380 F.3d 1066, 1068 (8th Cir. 2004) (standard of review).  Plaintiffs requested leave to amend both before and after the case was dismissed, attaching a proposed second amended complaint to their post-dismissal request.

Plaintiffs first requested leave to replead during the hearing on the motion to dismiss.  In a subsequent letter to the court, plaintiffs stated that "should the court find that the Amended Complaint . . . fails to state a claim, Plaintiffs respectfully request that the Court grant Plaintiffs leave to amend."  At that time, plaintiffs did not move to amend or file a proposed amended pleading, as Local Rule 15.1 of the District of Minnesota requires.  Nor did plaintiffs describe what changes they would make to their first amended complaint to avoid dismissal under Rule 9(b).  "A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading."  Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002) (quoting Carlson v. Hyundai Motor Co., 164 F.3d 1160, 1162 (8th Cir. 1999)); see also Pet Quarters, Inc. v. Depository Trust and Clearing Corp., --- F.3d ----, No. 08-2114, 2009 WL 579270, at *8-9 (8th Cir. Mar. 9, 2009) (affirming dismissal with prejudice because the plaintiff did not submit a proposed amended complaint and the record did not indicate what one might have contained).

Plaintiffs  contend that the district court erred in requiring that a formal motion and proposed amended pleading accompany their request to replead, relying on Wisdom v. First Midwest Bank, 167 F.3d 402 (8th Cir. 1999).  In Wisdom, the plaintiffs filed a traverse to the defendants' motion to dismiss, arguing that they should be allowed to amend their complaint to remedy its shortcomings.  Id. at 409.

The case was dismissed, and on appeal we were unable to ascertain whether the district court had considered the Wisdoms' request for leave to amend. Id. We thus remanded for a ruling on that issue. Id. Although the result in Wisdom was a remand, we reiterated the general rule that the plaintiffs' failure to move to amend "is not necessarily fatal as long as they show a willingness to amend the complaint." Id.; see also Ferguson v. Cape Girardeau County, 88 F.3d 647, 651 (8th Cir. 1996). Drobnak, Cirks, and Markowitz showed their willingness to amend. Although the district court did not consider their request to replead in its order of dismissal, it addressed the request in its post-dismissal order: "To the degree that Plaintiffs' oral request was a motion, it was noncompliant because it was not accompanied by an amended pleading or for that matter a clear representation from counsel that any named Plaintiff's window had, in fact, been tested." We have previously affirmed orders denying a plaintiff's conditional request for leave to amend in cases in which the substance of the proposed amendment was unclear and the local rules were not followed. See e.g. Meehan, 312 F.3d at 913-14; Wolgin v. Simon, 722 F.2d 389, 394-95 (8th Cir. 1993). The district court here ultimately considered plaintiffs' pre-dismissal request to amend, and we find no abuse of discretion in its ruling.

Plaintiffs further argue that the district court abused its discretion in denying their request for leave to amend the complaint, which they filed after the case was dismissed for failure to state a claim. We recently considered the standard under which a district court should consider a post-judgment motion for leave to file an amended complaint. In United States ex rel. Roop v. Hypoguard USA, Inc., et al., --- F.3d ----, No. 07-3718, 2009 WL 674142, at *4 (8th Cir. Mar. 17, 2009), we concluded that district courts

> have considerable discretion to deny a post-judgment motion for leave
> to amend because such motions are disfavored, but may not ignore the
> Rule 15(a)(2) considerations that favor affording parties an opportunity
> to test their claims on the merits, particularly when a fraud claim has

been dismissed for failure to comply with the pleading requirements of Rule 9(b).

We find no abuse of discretion in the district court's post-judgment denial of leave to amend. The proposed second amended complaint did not allege that Drobnak's or Markowitz's windows were tested and thus alleged no facts to support the conclusion that their windows failed. As stated above, Drobnak's and Markowitz's windows were uniquely within their control, and yet even the proposed second amended complaint offered no facts to support their individual allegations. As to Cirks, the district court found it troubling that his window was tested only after he became a named plaintiff and the amended class complaint was filed. Given the shifting theories of liability, the absence of factual support, and plaintiffs' less-than-forthcoming approach to this case, we conclude that the district court's frustration was well founded and that its dismissal with prejudice was appropriate.

## Conclusion

The dismissal with prejudice of the class complaint and the dismissal without prejudice of Drobnak's breach of express warranty are affirmed. The order denying leave to amend is also affirmed.

_____