# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1614
_____

Chidi N. Anunka,

*Plaintiff - Appellant,*

v.

City of Burnsville,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 1, 2013
Filed: October 16, 2013
[Unpublished]

_____

Before MURPHY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Chidi Anunka appeals from the district court's[1] Fed. R. Civ. P. 12(b)(6) dismissal of his pro se complaint against the City of Burnsville. Upon careful de novo review, see Northstar Indus., Inc. v. Merrill Lynch & Co., 576 F.3d 827, 831 (8th Cir. 2009) (standard of review), we agree with the district court that Anunka's complaint, liberally construed, contained a 42 U.S.C. § 1983 claim, and that this claim was untimely under the applicable Minnesota six-year statute of limitations, see Wallace v. Kato, 549 U.S. 384, 387-88 (2007) (state statute of limitations for personal-injury torts applies in § 1983 actions; § 1983 action accrues when plaintiff has complete and present cause of action); Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 618 n.3 (8th Cir. 1995) (in Minnesota, § 1983 claims are governed by six-year limitations period under Minnesota's personal-injury statute); see also Strawn v. Mo. State Bd. Of Educ., 210 F.3d 954, 957 (8th Cir. 2000) (statute-of-limitations determination is question of law subject to de novo review). We further agree with the district court that Anunka failed to allege sufficient facts to support a basis for tolling the statute of limitations. See Drobnak v. Anderson Corp., 561 F.3d 778, 786 (8th Cir. 2009) (to establish fraudulent concealment, plaintiff must plead that there was affirmative act or statement which concealed potential cause of action, that statement was known to be false or made in reckless disregard of its truth or falsity, and that concealment could not have been discovered by plaintiff's reasonable diligence); Goellner v. Butler, 836 F.2d 426, 431 (8th Cir. 1988) (absent fraud, ignorance of existence of cause of action does not toll statute of limitations).

Accordingly, we affirm. See 8th Cir. R. 47B.

———————————————

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeanne J. Graham, United States Magistrate Judge for the District of Minnesota.