Joseph F. Bataillon, Senior United States District Judge *735 This matter is before the court on the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Filing No. 11. This is a case brought by plaintiff as a consumer class action for violations of the Fair Debt Collection Practices Act, (hereinafter referred to as the "FDCPA") 15 U.S.C. § 1692 et seq., and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 et seq. (hereinafter referred to as the "NCPA"). Filing No. 1.
BACKGROUND
Credit Bureau Services, Inc. ("CBS") is a collection agency in Fremont, Nebraska, and is engaged in the business of collecting debts pursuant to 15 U.S.C. § 1692a(6). C.J. Tighe (hereafter "Tighe") is also in the business of collecting debts pursuant to 15 U.S.C. § 1692a(6), and he is the owner operator of defendant Credit Bureau Services, Inc. This action is brought on behalf of a class of similarly situated persons defined as (i) all Nebraska residents to whom CBS sent a letter in the form of Exhibit A (ii) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by defendants' or the creditors' records (iii) allegedly due for a medical obligation.
Plaintiff[1] alleges that she received a letter dated March 14, 2016, regarding a medical bill allegedly due General Radiology, PC. It stated "URGENT-DATED MATERIAL". It was addressed to both plaintiff and her deceased husband. The body of the letter states:
We urgently need to speak with you about the accounts listed below. We have scheduled an appointment for 3:00 pm on 03/21/2016 to discuss your accounts. Please call 888-859-4260 or visit our Norfolk office at 122 Norfolk Ave for your appointment.
If you fail to keep this appointment or pay the balance by that date, we shall proceed with collection efforts. Should you have any questions or are unable to make your appointment, please contact us at the number above.
Filing No. 1, Ex. A. Plaintiff contends Norfolk is approximately 70 miles from her home. Plaintiff argues there is no location for the appointment, and the defendant's address found inside the mailing is listed as a post office box. Plaintiff contends that defendants "made false or misleading statements in connection with the attempted collection of said debt, in violation of 15 U.S.C. § 1692e, e(2)(A), and e(10)." Filing No. 1 at 8.
STANDARD OF REVIEW
Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) ; Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 556 n.3, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss for failure to state a claim, "the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." Drobnak v. Andersen Corp. , 561 F.3d 778, 783 (8th Cir. 2009). The stated claim for relief must be "plausible on its *736 face." Twombly , 550 U.S. at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Although a plaintiff need not allege facts in painstaking detail, the facts alleged 'must be enough to raise a right to relief above the speculative level.' " Kulkay v. Roy , 847 F.3d 637, 642 (8th Cir. 2017) (quoting Twombly , 550 U.S. at 555, 127 S.Ct. 1955 ). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal , 556 U.S. at 678, 129 S.Ct. 1937.
The Fair Debt Collection Practices Act "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). For example, the Act provides that a debt collector may not use violence, obscenity, or repeated annoying phone calls, may not falsely represent the character, amount, or legal status of any debt, and may not use various unfair or unconscionable means to collect or attempt to collect a consumer debt. Id. ; see Peters v. General Service Bureau, Inc., 277 F.3d 1051, 1054 (8th Cir. 2002). (stating that the FDCPA contains "general prohibitions on 'conduct the natural consequence of which is to harass, oppress, or abuse any person' ( 15 U.S.C. § 1692d ), the use of 'any false, deceptive, or misleading representation or means' ( 15 U.S.C. § 1692e ), and any 'unfair or unconscionable means to collect or attempt to collect a debt' ( 15 U.S.C. § 1692f )." The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage. Id.
In evaluating whether a debt collection letter is false, misleading, or deceptive in violation of § 1692e, the letter must be viewed through the eyes of an unsophisticated consumer. Id. at 1055. "The unsophisticated consumer test is a practical one, and statements that are merely 'susceptible of an ingenious misreading' do not violate the FDCPA." Id. at 1056 (quoting White v. Goodman, 200 F.3d 1016, 1020 (7th Cir. 2000) ).
DISCUSSION
In their motion to dismiss, defendants contend that the lawsuit is based on one letter, and that there is nothing in the letter that can be construed as misleading or otherwise violates the FDCPA or the NCPA. Section 1692e states that a debt collector may not use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 US.C. § 1692e. Further, it is a violation to falsely state "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). Also, § e(10) makes it a violation to use any "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).
Defendants first argue that nothing in the letter is false. Plaintiff has not alleged that the amount is false, that the debt is disputed, or that any other representation is false. See Brill v. Financial Recovery Services, Inc., 2010 WL 5825480 (D. Neb. Nov. 10, 2010). Legal conclusions, argue defendants, are insufficient to state a claim, absent supporting facts. Chrisp v. Prof'l Choice Recovery, Inc., 2016 WL 6237220 (D. Neb. Jan. 28, 2016) (dismissing an FDCPA complaint where the assertions in the complaint merely stated legal conclusions not based on any pleaded fact).
*737 Next, defendants contend that nothing in the letter was misleading when viewed through the eyes of an unsophisticated consumer. Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1056 (8th Cir. 2002) ("The unsophisticated consumer test is a practical one, and statements that are merely "susceptible of an ingenious misreading" do not violate the FDCPA."). Defendants agree the letter does not advise as to a location for the appointment, but it does state that the debtor could call "888-859-4260 or visit our Norfolk office at 122 Norfolk Ave for your appointment." Filing No. 1-1, Ex. A. Her belief that she "must" attend the mandatory meeting, argues defendants, is objectively unreasonable. Finally, defendants argue that plaintiff's confusion over the statement "we shall proceed with collection efforts" is untenable. Id. ¶ 18. The full sentence in the letter reads, "[i]f you fail to keep this appointment or pay the balance by that date, we shall proceed with collection efforts." Filing No. 1-1, Ex. A. Defendants assert it is not possible to read this sentence as confusing or misleading. See Janson v. Katharyn B. Davis, LLC, 806 F.3d 435 (8th Cir. 2015) (rejecting an FDCPA claim where the statement was accurate); see also, Birge v. Smeall, 2013 WL 5789273 *4 (D. Neb. Sept. 20, 2013) (finding that the document did not violate the FDCPA because plaintiff's "claim constitutes a bizarre misreading of [defendants'] accurate recitation ...."). Finally, for the reasons stated herein, the defendants pray for dismissal of the NCPA counts as well.
Plaintiff argues that in a recent case, the parties settled a controversy and CBS agreed to stop using a similar letter in Nebraska.[2] Plaintiff further argues the letter in this case is deceptive and misleading as it falsely represents there is a mandatory special appointment with a created deadline that is part of defendants' collection process. It implies that missing the appointment will have negative consequences for the consumer. The language also states that the balance due is $405.85, and "Interest and other charges may accrue daily." Filing No. 1-1, Ex. A. There is no breakdown of principal and interest or a description of the other charges, argues plaintiff. The combination of all the statements used in the letter, contends plaintiff, gives a false sense of urgency. Further, if the appointment was really intended as a phone interview, the defendants did not in fact contact the plaintiff by phone on the appointment date.
Plaintiff contends that clearly they have unsophisticated consumers here, and defendants are attempting to apply the wrong standard in that regard. First, plaintiff states the language in the letter indicating that interest and charges may "accrue daily" is false. Such accrual is not automatic and there is no showing of interest in Exhibit A. Other costs such as prejudgment interest, filing fees, court costs, and attorney fees cannot be accrued unless a judgment is obtained. The letter is also misleading, contends plaintiff. As stated by the Seventh Circuit reversing a dismissal under 12(b)(6), "[u]nsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended at the sixth grade." Johnson v. Revenue Mgmt. Corp., 169 F.3d 1057, 1060 (7th Cir. 1999). Plaintiff argues that the language in the letter is false, and is not categorically or objectively verifiable as true and correct. The letter, contends plaintiff, is written to elicit fear about money *738 being added every day, if the appointment is missed. When a debt collector demands an incorrect amount of money in a dunning letter, it makes a false and misleading representation in violation of § 1692e(2)(A). Hepsen v. J.C. Christensen & Assoc. Inc., 2009 WL 3064865 * 4-5 (M.D. Fla. Sept. 22, 2009).
For these same reasons, plaintiff contends that the NCPA claim is valid. The court held in the Jenkins case:
Although the CPA provides both a private right of action and a public right, disputes that fall within the ambit of the CPA are unfair or deceptive trade practices that affect the public interest.... the Act allows any person who is injured by a violation of §§ 59-1602 to 59-1606 which directly or indirectly affects the people of Nebraska to bring a civil action to recover damages, because [t]he goal is to establish a uniform standard of conduct so that businesses will know what conduct is permitted and to protect the consumer from illegal conduct.
Jenkins v. General Collection Co., 538 F.Supp.2d 1165, 1176 (D. Neb. 2008) (quotations omitted).
For purposes of this motion early in litigation, the court agrees with the plaintiff in most respects. First, the statement regarding the appointment could be construed by an unsophisticated consumer as mandatory. The statement also could be construed as misleading or confusing regarding the requirement to show up for the appointment failing which CBS would proceed with unspecified and presumably more serious collection efforts. The court cannot determine as a matter of law that the statement is not misleading. It is misleading to indicate that a debtor must meet with CBS at a particular time and place. Second, it appears the statement "interest and other charges may accrue daily" might likewise be inaccurate in this particular case. There is no showing that there is a right to assess other charges daily in this medical collection case. That may change as the parties do discovery, but at this point, the court will allow these allegations to proceed. For all these reasons, the court will likewise deny the motion to dismiss with regard to the NCPA claims. In many respects, one parallels the other.
THEREFORE, IT IS ORDERED THAT defendants' motion to dismiss, Filing No. 11, is denied.

During the time period in question, plaintiff's husband James Bassett incurred medical bills and was dying of cancer.

Reynolds v. Credit Bureau Servs., Inc., Case No. 8:15-cv-168, 2016 WL 2859604 (D.Neb. May 16, 2016). The court is not sure at this point in the lawsuit if this is relevant and will make that determination as this case progresses.