# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-3017

_____

Ambassador Press, Inc.

*Plaintiff - Appellant*

v.

Durst Image Technology U.S., LLC

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 15, 2019
Filed: February 5, 2020

_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Ambassador Press, Inc., a commercial printing company, purchased a printing press, the Rho 1012, from Durst Image Technology U.S., LLC. Four years later, Ambassador sued Durst for fraud, alleging the 1012 did not have the speed or

durability Durst represented at the time of purchase. The district court[1] granted Durst's motion to dismiss. Ambassador appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

In 2013, Ambassador expressed interest in buying a commercial-grade Rho 1012 printer from Durst. The companies emailed about the characteristics of the 1012, including its speed, and the frequency and costs of replacing its 64 print heads (each costing $12,990).

As to speed, Durst's Sales Manager emailed Ambassador that the 1012 would be at least 50% faster than a competitor HP model and that "the 1012 is the fastest 12 picoliter 1000 dpi printer on the market." Durst forwarded a chart of specific levels of print output in square feet per hour. Durst delivered to Ambassador a written list of expected output. Ambassador employees visited Durst's headquarters (in Austria) to see the printer and print heads, where Durst repeated many of the representations about speed.

As to durability, the Sales Manager emailed Ambassador that Durst's information about North American printers showed a "low failure rate of heads out of warranty." The Sales Manager noted that he had incomplete information for those still in warranty, and no information about those sold overseas. He added that the "worst case scenario I could find" was one unit that required six print-head replacements at the end of two years. In another email, the Sales Manager informed Ambassador that Durst had "some customers with many years of operation without head replacement and others with minor but varying degrees of head replacements

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

mostly due to preventative maintenance procedures and in some cases poor operator practices." During the trip to Austria, the Sales Manager and other Durst employees represented that although Durst's print heads were substantially more expensive than others on the market, Ambassador should not worry because the print-heads were of the highest quality, rarely fail, and rarely require replacement.

At a Durst trade booth, an Ambassador employee "spent some time with the tech on the machine," emailing the Sales Manager that the printer had "[b]eautiful print quality!" Soon after, Ambassador purchased the 1012, a service plan, and a two-year warranty. Ambassador alleges that the 1012 never functioned as promised in terms of speed or print-head durability.

Four years after the purchase, Ambassador sued Durst in state court alleging common law and consumer fraud. Durst removed the case to federal court and moved to dismiss the complaint. The district court dismissed the consumer fraud claim but allowed an amended complaint for common law fraud. The amended complaint reasserted the common law fraud claim. Durst moved to dismiss it. The district court dismissed for two reasons. First, the amended complaint failed to set forth plausible allegations of fraud, and second, Ambassador failed to allege detrimental reliance with particularity. *Ambassador Press, Inc. v. Durst Image Tech. U.S., LLC*, 2018 WL 3975117 at *4 ( D. Minn. Aug. 20, 2018).

II.

This court reviews de novo a dismissal for failure to state a claim, accepting as true the allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party. *Star City Sch. Dist. v. ACI Bldg. Sys., LLC*, 844 F.3d 1011, 1016 (8th Cir. 2017). To withstand a motion to dismiss, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when "the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" *Id. quoting Twombly*, 550 U.S. at 557. In a diversity suit, this court applies "federal pleading standards. . . to the state substantive law to determine if a complaint makes out a claim under state law." *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013).

In Minnesota, a fraudulent misrepresentation claim requires that a plaintiff plead:

> (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether is was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer[ed] pecuniary damage as a result of the reliance.

*Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010) *citing Hoyt Props., Inc. v. Prod. Res. Group, LLC*, 736 N.W.2d 313, 318 (Minn. 2007).

A complaint alleging fraud "must state with particularity the circumstances constituting fraud or mistake." **Fed. R. Civ. P. 9(b)**. The complaint must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Shaller Tel. Co. v. Golden Sky Sys. Inc.*, 298 F.3d 736, 746 (8th Cir. 2002). The complaint must plead the "who, what, where, when, and how" of the alleged fraud. *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552,

556 (8th Cir. 2006). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the Rule." *Schaller*, 298 F.3d at 746.

"Allegations pleaded on information and belief usually do not meet Rule 9(b)'s particularity requirement." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). "When the facts constituting the fraud are peculiarly within the opposing party's knowledge, however, such allegations may be pleaded on information and belief." *Id.* at 783-84. "If the plaintiff's allegations of fraud are . . . based only on information and belief, the complaint must set forth the source of the information and the reasons for the belief." *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 590 (8th Cir. 2018).

Ambassador argues that their complaint is like the complaint in *Johnson v. Bobcat Co.*, 175 F. Supp. 3d 1130, 1135 (D. Minn. 2016). Plaintiff there bought a Bobcat loader, alleging as a fraudulent misrepresentation: "top speed was not 12.3 mph as advertised, but rather, approximately half of that." *Bobcat*, 175 F. Supp. 3d at 1135. This allegation withstood the motion to dismiss because the plaintiff alleged "specific mile-per-hour parameters" and provided the defendant with "more than enough information to adequately respond and prepare a defense, which is the critical inquiry under Rule 9(b)." *Id.* at 1146.

In *Bobcat*, the plaintiff outlined at length the factual basis for each allegation and how the model was incapable of meeting publicly-advertised metrics, including the specific ways plaintiff tested and discovered that the representations were false. Complaint at 8-14, *Johnson*, 175 F. Supp. 3d 1130 (0:15-CV-02097). True, Ambassador did allege the time, place and contents of the statements made about the 1012, but Ambassador did not allege any particular facts that the statements were false to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Ambassador does provide some expected speeds with particularity, but, unlike in *Bobcat*, only makes the vague

assertion that the printer never reached it, with no factual information about actual speeds reached.

Ambassador discusses two other Minnesota district court cases about pleading fraud with sufficient particularity. Both dealt with defective consumer products that allegedly did not perform as represented. *See **Podpeskar v. Makita U.S.A. Inc.***, 247 F.Supp. 3d 1001, 1010 (D. Minn. 2017); ***City of Wyoming v. Procter & Gamble Co.***, 210 F. Supp. 3d 1137, 1154 (D. Minn 2016). In the lengthy amended complaint in *Podpeskar*, plaintiff specifically alleged the features that made the company's batteries defective and how the alleged defect caused the batteries to have less battery life than advertised. Complaint at 4-5, ***Podpeskar***, 247 F. Supp. 3d 1001 (0:15-CV-03914). Plaintiffs attached complaints from Amazon.com reviews spanning multiple years, effectively detailing the source of the information, the reason for their belief that the defect existed, and defendant's notice of these inadequacies while continuing to represent that the batteries were defect-free. ***Id.*** at 9-12. The district court ruled that the complaint clearly apprised defendant of the acts relied on in support of the alleged claims. ***Podpeskar***, 247 F. Supp. 3d at 1011.

In *City of Wyoming*, the court ruled "Plaintiffs have thoroughly pleaded facts about each Defendant's alleged misrepresentations in marketing their products as 'flushable' when the wipes were allegedly not flushable," and "Plaintiffs also plainly allege that Defendants' representations that their products are in fact flushable are false." ***City of Wyoming***, 210 F. Supp. 3d. at 1154. Plaintiffs attached the advertisements for the wipes, which said they break apart after flushing and are safe for sewers and septic systems. ***Id.*** at 1147-49. Plaintiffs also attached pictures of the still intact wipes clogging the city's wastewater treatment facilities. Complaint at 16-18, 27, ***City of Wyoming***, 210 F. Supp. 3d 1137 (0:15-CV-02101). Unlike the plaintiffs in *Podpeskar* and *City of Wyoming*, Ambassador does not set forth any facts, beyond general descriptions of its own experience, to support its allegations about the 1012's alleged inadequacies, or that Durst knew its representations about the 1012 were false.

-6-

A closer case on the facts is *Drobnak v. Andersen Corp.*, 561 F.3d 778 (8th Cir. 2009). Plaintiffs there alleged four counts of fraud, pleading, on information and belief, that their windows were not filled with inert gas, as Andersen represented at the time of purchase. **Drobnak**, 561 F.3d at 784. This court held: "No facts were pleaded to support this broad allegation, and the plaintiffs did not identify the facts on which the belief was founded." **Id.** This court determined that pleading on information and belief was inappropriate because plaintiffs possessed the windows, with sole access to the factual underpinnings for the conclusion that their windows were not filled with the gas. **Id.** Further, this court said that "plaintiffs failed to plead facts to support the 'what': that the products they own did not contain inert gas," instead making sweeping allegations. **Id.**

Ambassador alleges, on information and belief, that Durst knew, when it made its representations, that "the Rho 1012 was experiencing significant print head problems," and that it knew "the Rho 1012 was experiencing significant speed problems." Ambassador alleges the representations made in support of the 1012's speed and durability must be false based on its experience with the 1012. For example, Ambassador alleges that in the four years since the purchase, they replaced 54 print heads. Ambassador argues that this number of replacements over four years is excessive when compared with the historical performance data Durst provided (although Durst provided print-head replacement data only for 1012 models after two years). Ambassador also alleges that the 1012 "never functioned or achieved the speeds as promised." As in *Drobnak*, no additional facts were pleaded in support of these broad allegations.

Most instructive is *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585 (8th Cir. 2018). Plaintiff there pleaded, on information and belief, that intentional false misrepresentations were made. The plaintiff "relie[d] on the phrase 'on information and belief' to allege that [defendant] intentionally provided false promises." **Munro**, 899 F.3d at 590. Plaintiff argued that defendant's broken promises were proof it

never intended to keep the promises. *Id.* This court disagreed, noting that plaintiff's complaint did not "set forth any supporting facts showing that [defendant] intended to defraud [plaintiff ]when the promises were made." *Id.* at 590-91. Thus, plaintiff did not adequately allege fraud under Minnesota law. *Id.*

As in *Munro*, Ambassador's complaint does not set forth any supporting facts showing that Durst intended to defraud them *when the promises were made*. All Ambassador alleges is, on information and belief, that Durst knew of the problems when it sold the printer. Ambassador alleges Durst told them, four years after the purchase, that Durst had replaced fewer print heads than were actually replaced. They allege, on information and belief, that Durst lied about the number of replacements to conceal the extent of the fraud. Instead of pleading facts that plausibly show Durst knew its representations were false at the time of the purchase, Ambassador's allegations only indicate its experience did not align with its expectations.

The district court correctly determined that Ambassador did not plausibly allege common law fraud.

III.

Ambassador argues that the district court erred when it ruled that detrimental reliance was not pleaded with sufficient particularity. Parties alleging fraud must plead reliance with "sufficient particularity to state a plausible claim of justifiable reliance." *OmegaGenesis Corp. v. Mayo Found. For Med. Educ. & Research*, 851 F.3d 800, 805 (8th Cir. 2017). Conclusory allegations that a plaintiff detrimentally relied on defendants' representations are not sufficient factual matter to state a claim of relief plausible on its face. *See Cox v. Mortgage Elec. Registration Sys., Inc.*, 685 F.3d 663, 673 (8th Cir. 2012).

The only allegation in the complaint about reliance is the assertion that "Ambassador would not have purchased the Printer, the Service Plan, or the two-year warranty, but for the Fraudulent Misrepresentations." As in *Cox*, this is a conclusory allegation. Ambassador pleads no other facts in support of Ambassador's reliance as a result of the allegedly fraudulent misrepresentations.

Ambassador relies on consumer fraud cases to argue that a purchase sufficiently proves reliance on the representations of a seller. Minnesota courts, however, explain that "[r]eliance in fraud cases is generally evaluated in the context of the aggrieved party's intelligence, experience, and opportunity to investigate the facts at issue. ***Valspar Refinish, Inc. v. Gaylord's, Inc.***, 764 N.W.2d 359, 369 (Minn. 2009). "When a party conducts an independent factual investigation before it enters into a commercial transaction, that party cannot later claim that it reasonably relied on the alleged misrepresentation. ***Id.***

As in *Valspar*, Ambassador and Durst are sophisticated commercial entities. Ambassador visited Durst's facility, watched the printers operate, and viewed the manufacture and testing of print heads. Ambassador representatives visited a Durst sales booth and saw a demonstration of the machine, noting that they were happy with the performance. Ambassador made an independent factual investigation before entering the transaction. Ambassador cannot assert, with only conclusory allegations, that it reasonably relied on the alleged misrepresentations.

The district court properly determined that reliance was not pleaded with particularity and properly granted the motion to dismiss.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____