# IN THE SUPREME COURT OF IOWA

No. 22–0239

Submitted December 15, 2022—Filed June 9, 2023

**JIM NAHAS,**

Appellee,

vs.

**POLK COUNTY, IOWA, TOM HOCKENSMITH,** Individually and in His Official Capacity, **ANGELA CONNOLLY,** Individually and in Her Official Capacity, **STEVE VAN OORT,** Individually and in His Official Capacity, **ROBERT BROWNELL,** Individually and in His Official Capacity, and **JOHN NORRIS,** Individually and in His Official Capacity,

Appellants.

---

Appeal from the Iowa District Court for Dallas County, Brad McCall, Judge.

County officials appeal a district court's order denying their motion to dismiss based on its conclusion that the qualified immunity provisions in the Iowa Municipal Tort Claims Act did not apply retrospectively. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Christensen, C.J., delivered the opinion of the court, in which all participating justices joined. Mansfield, J., took no part in the consideration or decision of the case.

Kimberly Graham, County Attorney, and Meghan L. Gavin (argued), Assistant County Attorney, for appellants.

Nicholas Mauro (argued) of Carney & Appleby Law Firm, Des Moines, and Michael Carroll of Coppola, McConville, Carroll, Hockenberg & Flynn, P.C., West Des Moines, for appellee.

Carlton G. Salmons of Macro & Kozlowski, LLP, West Des Moines, for amicus curiae Heartland Insurance Risk Pool.

**CHRISTENSEN, Chief Justice.**

An aggrieved former Polk County employee brings an array of tort claims against the county and the Polk County Board of Supervisors (the Board) under Iowa Code chapter 670 (2021). Polk County and those employers sought to dismiss the claims, arguing they were insulated from liability under Iowa's recently enacted qualified immunity provision. They also argued the former employee did not satisfy Iowa Code section 670.4A's new pleading requirement for qualified immunity defenses. The district court rejected these arguments and denied the defendants' motion to dismiss. The defendants now appeal that ruling.

## I. Background Facts and Proceedings.

On January 5, 2021, the Board fired Jim Nahas, the Polk County Human Resources Director, after he refused to resign. Nahas challenged his termination by filing a lawsuit against Polk County and four members of the Board, claiming libel per se, wrongful termination in violation of public policy, extortion, civil conspiracy, intentional infliction of emotional distress, and violations of Iowa Code chapters 21 and 22.

The defendants filed a motion to dismiss under Iowa Code section 670.4A, a new provision of the Iowa Municipal Tort Claims Act (IMTCA), and Iowa Rule of Civil Procedure 1.421. On January 26, 2022, the district court denied the motion to dismiss, concluding section 670.4A did not apply retrospectively. The court also concluded that Nahas's petition satisfied the notice pleading standards. The defendants filed a timely appeal, which we retained. *See* Iowa

Code § 670.4A(4) ("Any decision by the district court denying qualified immunity shall be immediately appealable.").

Additional facts will be discussed as necessary.

**II. Standard of Review.**

"We review a district court's ruling on a motion to dismiss for the correction of errors at law." *Benskin, Inc. v. W. Bank*, 952 N.W.2d 292, 298 (Iowa 2020) (quoting *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014)). In our review, "we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions." *Id.* (quoting *Shumate*, 846 N.W.2d at 507).

**III. Analysis.**

**A. Iowa Municipal Tort Claims Act.** At common law in Iowa, governmental subdivisions (e.g., cities and counties) enjoyed some measure of immunity from a lawsuit. *See Jahnke v. Incorporated City of Des Moines*, 191 N.W.2d 780, 782 (Iowa 1971) (explaining that the Iowa legislature eliminated common law tort immunity when it enacted the IMTCA, which was formerly codified at Iowa Code § 613A (1967)); *see also City of West Branch v. Miller*, 546 N.W.2d 598, 603 (Iowa 1996) (giving examples of the limits of governmental immunity at common law). Although the legislature has since broadly waived governmental immunity for tort cases through the IMTCA, it recently amended the IMTCA to narrow the scope of municipal liability. In 2021, the legislature codified qualified immunity in the IMTCA for the first time. 2021 Iowa Acts ch. 183, § 14 (codified at Iowa Code § 670.4A (2022)). Specifically, the legislature codified a substantive qualified immunity protection and introduced a

heightened pleading requirement for plaintiffs bringing IMTCA claims. *Id.* § 14(1), (3) (codified at Iowa Code § 670.4A(1), (3) (2022)).

1. *Section 670.4A(1)'s new qualified immunity protection.* Iowa Code section 670.4A(1) provides:

> 1. Notwithstanding any other provision of law, an employee or officer subject to a claim brought under this chapter shall not be liable for monetary damages if any of the following apply:
>
> *a.* The right, privilege, or immunity secured by law was not clearly established at the time of the alleged deprivation, or at the time of the alleged deprivation the state of the law was not sufficiently clear that every reasonable employee would have understood that the conduct alleged constituted a violation of law.
>
> *b.* A court of competent jurisdiction has issued a final decision on the merits holding, without reversal, vacatur, or preemption, that the specific conduct alleged to be unlawful was consistent with the law.

Section 670.4A(1) establishes that qualified immunity protects employees or officers so they are not "liable for monetary damages" under the IMTCA if one of three conditions applies. *Id.* The first condition is that a legal right, privilege, or immunity that the plaintiff claims was violated was not clearly established at the time of the alleged violation. *Id.* § 670.4A(1)(*a*). The second condition is that the law was not so clear that reasonable employees would have known the conduct the plaintiff alleges violated the law. *Id.* The third condition is not at issue in this case. *See id.* § 670.4A(1)(*b*).

2. *Section 670.4A(3)'s new procedural requirements.* Historically, Iowa is a notice pleading state. *See Young v. HealthPort Techs., Inc.*, 877 N.W.2d 124, 127 (Iowa 2016) ("Under our notice-pleading standards, nearly every case will survive

a motion to dismiss for failure to state a claim upon which any relief may be granted." (citing *Smith v. Smith*, 513 N.W.2d 728, 730 (Iowa 1994))). As such, a

> petition need not allege ultimate facts that support each element of the cause of action. The petition, however, must contain factual allegations that give the defendant "fair notice" of the claim asserted so the defendant can adequately respond to the petition. A petition complies with the "fair notice" requirement if it informs the defendant of the incident giving rise to the claim and of the claim's general nature.

*Rees v. City of Shenandoah*, 682 N.W.2d 77, 79 (Iowa 2004) (citations omitted) (quoting *Schmidt v. Wilkinson*, 340 N.W.2d 282, 283 (Iowa 1983)).

Defendants may file preanswer motions to dismiss for plaintiffs' "[f]ailure to state a claim upon which any relief may be granted." Iowa R. Civ. P. 1.421(1)(*f*). "A court should grant a motion to dismiss 'only if the petition on its face shows no right of recovery under any state of facts.' " *Young*, 877 N.W.2d at 127 (quoting *Tate v. Derifield*, 510 N.W.2d 885, 887 (Iowa 1994)). In the past, we have explicitly declined to replace our notice pleading system with the heightened pleading standards that federal courts use. *Hawkeye Foodservice Distrib., Inc. v. Iowa Educators Corp.*, 812 N.W.2d 600, 607 (Iowa 2012). But the legislature may impose heightened pleading requirements for specific types of claims. *See, e.g.*, *Meade v. Christie*, 974 N.W.2d 770, 779 (Iowa 2022) (recognizing heightened pleading requirements imposed under director shield statute for claims against corporate directors).

The IMTCA now places a heightened pleading requirement on plaintiffs who bring claims against municipal corporations or those corporations' employees or officers. Iowa Code § 670.4A(3). This heightened pleading

requirement has three features. First, plaintiffs "must state with particularity the circumstances constituting the violation." *Id.* Second, plaintiffs must plead "a plausible violation" of the law. *Id.* Third, they also "must state . . . that the law was clearly established at the time of the alleged violation." *Id.* Ultimately, section 670.4A provides that the failure to plead a plausible violation or that the law was clearly established will "result in dismissal with prejudice." *Id.*

**B. Retrospective Application of Section 670.4A.** The parties contest whether and to what extent the qualified immunity provisions and heightened pleading requirement are applicable in this case. Nahas contends that applying the qualified immunity provisions and heightened pleading requirement would be an impermissible retrospective application of new law. The defendants disagree. We begin our analysis of the dispute with an overview of the relevant law. We then analyze the qualified immunity provisions and heightened pleading requirement separately.

1. *Retrospective application of statutes generally.* "Whether a statute applies retrospectively, prospectively, or both is simply a question regarding the correct temporal application of a statute." *Hrbek v. State*, 958 N.W.2d 779, 782 (Iowa 2021) (citing *Landgraf v. USI Film Prods.*, 114 S. Ct. 1522, 1524 (1994) (Scalia, J., concurring in the judgments)). In determining the correct temporal application of a statute, we generally apply a "three-part inquiry." *Id.*

"First, [we] must determine whether application of a statute is in fact retrospective." *Id.* "With respect to the first part of the inquiry, application of a statute is in fact retrospective when a statute applies a new rule, standard, or

consequence to a *prior* act or omission." *Id.* In determining the relevant act or omission, we look for the specific conduct regulated or addressed in the statute. *See id.*; *see also Miss. Dep't of Corr. v. Roderick & Solange MacArthur Just. Ctr.*, 220 So. 3d 929, 940 (Miss. 2017) (en banc) (Dickinson, J., concurring in result only) ("In other words, to determine whether the statutory amendment should apply, a court must understand what event or conduct the statute will control."). Stated differently, we make a "commonsense, functional judgment about 'whether the new provision attaches new legal consequences to events completed before its enactment.' " *Martin v. Hadix*, 527 U.S. 343, 357–58 (1999) (quoting *Landgraf*, 114 S. Ct. at 1499 (majority opinion)). We perform this threshold inquiry to determine whether there is a "truly 'retrospective' application of a statute." *Landgraf*, 114 S. Ct. at 1504. "Application of a statute to conduct occurring after the effective date is in fact a prospective and not retrospective application." *Hrbek*, 958 N.W.2d at 783. If application of a statute is, in fact, prospective and not retrospective, then no further inquiry is needed. *See id.*

Second, if the court determines application of the new statute would be retrospective, "then the court must determine whether the statute should be applied retrospectively." *Id.* at 782. Whether a statute should be applied retrospectively is a question of statutory interpretation. *Iowa Beta Ch. of Phi Delta Theta Fraternity v. State,* 763 N.W.2d 250, 266 (Iowa 2009) ("The first step in determining if a statute applies retrospectively, prospectively, or both is to determine whether the legislature expressly stated its intention."). On this point, the legislature has provided instruction regarding the correct temporal

application of new statutes: "[a] statute is presumed to be prospective in its operation *unless expressly made retrospective.*" Iowa Code § 4.5 (emphasis added).

Third, if the legislature expressly provides that a new law should have retrospective operation, then the court must determine whether any substantive law prohibits retrospective application of the new statute. *Hrbek*, 958 N.W.2d at 782; *see Thorp v. Casey's Gen. Stores, Inc.*, 446 N.W.2d 457, 460 (Iowa 1989). For example, the ex post facto clause of the Iowa Constitution prohibits the legislature from retroactively increasing the penalty for a crime. *State v. Lathrop*, 781 N.W.2d 288, 298 (Iowa 2010). By way of another example, we have held that statutory changes that altogether eliminate a right of recovery or cause of action deprive a plaintiff of a vested right and violate due process. *Thorp*, 446 N.W.2d at 461–62.

2. *Qualified immunity.* We first address the applicability of the immunity provisions set forth in section 670.4A(1)(*a*). As discussed above, the new statutory provisions provide that employees and officers "shall not be liable for monetary damages" if

> [t]he right, privilege, or immunity secured by law was not clearly established at the time of the alleged deprivation, or at the time of the alleged deprivation the state of the law was not sufficiently clear that every reasonable employee would have understood that the conduct alleged constituted a violation of law.

Iowa Code § 670.4A(1)(*a*). The effective date of the statute was the day of its passage, June 17, 2021. 2021 Iowa Acts ch. 183, § 16.

In the first step of the inquiry, we must determine whether application of the statutory immunity provisions in this case would be truly retrospective. *See Hrbek*, 958 N.W.2d at 782. To make that determination we must identify the event of legal consequence that the statute governs. *See id.* Ultimately, this is a commonsense, functional judgment that identifies the new standards or legal consequences contained in the statute and what event or events trigger those new standards or legal consequences. *Dias v. INS*, 311 F.3d 456, 458 (1st Cir. 2002) (per curiam).

We conclude the relevant events here are the allegedly unlawful acts giving rise to Nahas's claims. The statute changes the legal consequences for "the conduct" giving rise to "alleged deprivation" of a "right, privilege, or immunity secured by law." Iowa Code § 670.4A(1)(*a*). Prior to the effective date of the statute, municipal officers and employees were liable for monetary damages for conduct that resulted in a deprivation of a right, privilege, or immunity secured by law. After the effective date of the statute, municipal officers and employees are not liable for monetary damages for the same conduct unless the right, privilege, or immunity secured by law was clearly established and every reasonable employee would have understood the conduct to be in violation of the law. *Id.*

Application of the statutory immunity provisions to this case would be a retrospective application of new law. Every one of the alleged acts giving rise to Nahas's claims occurred before section 670.4A took effect on June 17, 2021. Application of the immunity provisions in this case would attach new legal

consequences to the defendants' acts completed prior to the effective date, potentially immunizing them from liability for tortious conduct that they may otherwise be liable for at that time and impairing Nahas's ability to recover under the law for that conduct. *See Landgraf,* 114 S. Ct. at 1505 (explaining a retroactive statute is one that either "impair[s] rights a party possessed when he acted, increase[s] a party's liability for past conduct, or impose[s] new duties with respect to transactions already completed").

Because application of the statutory immunity provisions to this case would be retrospective, we must determine whether the legislature intended these provisions to operate retroactively. *See* Iowa Code § 4.5 (explaining that the legislature presumes statutes operate prospectively "unless expressly made retrospective"); *c.f. Hrbek,* 958 N.W.2d at 782 ("Second, if the court determines application of a statute is in fact retrospective, then the court must determine whether the statute should be applied retrospectively."). This is a question of statutory interpretation. The bill containing the statutory immunity provisions provided that the act, "being deemed of immediate importance, takes effect upon enactment." 2021 Iowa Acts ch. 183, § 16. The day of enactment was June 17, 2021. The legislation does not contain express language regarding retrospective application. *See id.* The omission of any such language is especially salient here because the bill that created section 670.4A contained another statutory provision that was expressly given retrospective operations. *Id.* § 26 (providing that newly enacted Iowa Code section 80.6A(1)(*b*) applies retroactively to January 1, 2021); *see Oyens Feed & Supply, Inc. v. Primebank,* 808 N.W.2d 186,

193–94 (Iowa 2011) (concluding the legislature's omission of language carried significance where the same language was used in related statutes). Because there is no express statement making the statutory immunity provisions retrospective, we conclude the law can only be applied prospectively to conduct occurring after the effective date of the statute. The qualified immunity defenses are thus not applicable in this case.

3. *Retrospective application of the heightened pleading requirement.* In addition to the statutory immunities, section 670.4A sets forth a new heightened pleading standard for claims arising under the IMTCA. "The heightened pleading requirement in section 670.4A(3) has three components." *Victoriano v. City of Waterloo*, 984 N.W.2d 178, 181 (Iowa 2023). First, a plaintiff "alleging a violation of the law must state with particularity the circumstances constituting the violation." Iowa Code § 670.4A(3). Second, the statute requires the plaintiff to "plead a plausible violation" of law. *Id.* Third, the statute requires the petition plead "that the law was clearly established at the time of the alleged violation." *Id.*

Nahas has filed three petitions in this case—his initial petition and then two amended petitions. He filed his initial petition on September 27, 2021. Subsequently, he filed the two amended petitions on October 14 and November 11. The defendants contend the heightened pleading standard applies here, and Nahas contends application of the heightened pleading standard to his petitions in this case would be an impermissible retrospective application of the statute.

In the first step of our inquiry, we must determine whether the application of the heightened pleading requirement is truly retrospective. *See Hrbek*, 958 N.W.2d at 782. The pleading statute changes the legal requirements for the petition. Prior to the effective date of the statute, a petition was sufficient if it satisfied our notice pleading standards. "Under notice pleading, a petition [was] sufficient 'if it inform[ed] the defendant of the incident giving rise to the claim and of the claim's general nature.'" *Victoriano*, 984 N.W.2d at 181 (quoting *Rees*, 682 N.W.2d at 79). After the effective date of the statute, however, the petition must satisfy the heightened pleading requirement or be subject to dismissal. *See* Iowa Code § 670.4A(3). At first glance, then, it appears the relevant event is the filing of the petition because the filing of the petition is the act that triggers the new statutory consequence. But more nuanced analysis is required. As Justice Scalia explained, it will not "always be easy to determine, from the statute's purpose, the relevant event for assessing its retroactivity." *Landgraf*, 114 S. Ct. at 1526 (Scalia, J., concurring in the judgments).

The difficulty in this case arises because the three parts of the heightened pleading requirement relate to two different events. The first two—that a plaintiff plead with particularity a plausible violation of the law—relate to the drafting and framing of the petition. Nahas's lawyer could control the drafting and framing of the petitions filed after the enactment of the new law. The new law thus attached new legal consequences (dismissal) to conduct (the drafting and framing of the petition) that occurred after the effective date of the statute. This leads us to conclude that applying the first two parts of the requirement would

be prospective and not retrospective. No further inquiry is needed. *See Hrbek*, 958 N.W.2d at 783. The particularity and plausibility standards are thus applicable here.

We reach a different conclusion with respect to the third part of the requirement—that the petition must state "the law was clearly established at the time of the alleged violation." Iowa Code § 670.4A(3). With respect to this provision, the relevant event to which a new legal consequence would attach is not the drafting and framing of the petition. Instead, it is the existence or nonexistence of a historical social fact—whether the law was "clearly established at the time of the alleged violation." *Id.* The "clearly established" standard is thus inherently backward-looking. In this case, that historical social fact was determined at the time of the alleged violations, which were all prior to the enactment of this statutory provision. Further, whether the law was clearly established is inextricably intertwined with the new qualified immunity defense and only relevant to this case to the extent the new qualified immunity defense is operative in this case, and we already have concluded that qualified immunity is not operative in this case because it would be an impermissible retrospective application of the statute. We thus conclude that application of this pleading standard to this case would in fact be a retrospective application of this particular statutory provision. Because the legislature did not expressly make this statutory provision retrospective, it cannot be applied in this case. *See* Iowa Code § 4.5.

**C. Motion to Dismiss.** Having determined the particularity and plausibility standards apply to Nahas's petition, we now review the district court ruling on the motion to dismiss. The significance of our ultimate determination is apparent in section 670.4A(3)'s command that the "[f]ailure to plead a plausible violation or failure to plead that the law was clearly established . . . shall result in dismissal with prejudice." *Id.* § 670.4A(3).

1. *Section 670.4A(3)'s particularity and plausibility pleading standard.* The meaning of "particularity" and "plausibility" in the section 670.4A context is a question of statutory interpretation. "As with all cases involving statutory interpretation, we start with the language of the statute to determine what the statute means." *Beverage v. Alcoa, Inc.*, 975 N.W.2d 670, 680 (Iowa 2022). When we interpret statutes, "[w]ords bear their ordinary meanings unless the context indicates that a technical meaning applies." *Bribriesco-Ledger v. Klipsch*, 957 N.W.2d 646, 650 (Iowa 2021) (citing *Seavert v. Cooper*, 175 N.W. 19, 21 (Iowa 1919)); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 73 (2012) [hereinafter Scalia & Garner, *Reading Law*]. For example, when statutes use legal terms of art, context suggests that the legislature "adopt[ed] the cluster of ideas that were attached to each borrowed word in the body of learning from which it is taken." *Air Wis. Airlines Corp. v. Hoeper*, 571 U.S. 237, 248 (2014) (quoting *Fed. Aviation Admin. v. Cooper*, 566 U.S. 284, 292 (2012)).

Here, we conclude that the particularity and plausibility aspects of section 670.4A(3)'s heightened pleading requirement require the same pleading as the

Federal Rules of Civil Procedure. "[I]f a word is obviously transplanted from another legal source, whether the common law or other legislation, it brings the old soil with it." *Beverage*, 975 N.W.2d at 682 (alteration in original) (quoting Scalia & Garner, *Reading Law* at 73). "Particularity" and "plausible" are established terms of art in federal civil procedure. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (concluding Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs to allege enough facts to state a facially plausible case); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007) (requiring plaintiffs to plead facts that raise a plausible right to relief). Because the words "plausibility" and "particularity" have an established meaning in federal law, we expect that the legislature intended to incorporate that meaning when it used those words. In other words, if the legislature wanted a different pleading standard, it probably would not have used words that have such an established meaning in federal civil procedure.

Federal caselaw is replete with discussions of what the particularity and plausibility standards entail. On the one hand, particularity "requires plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (quoting *Great Plains Tr. Co. v. Union Pac. R.R.*, 492 F.3d 986, 995 (8th Cir. 2007)). The purpose of particularity as a pleading standard is "to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *Drobnak v. Anderson Corp.*, 561 F.3d 778, 783 (8th Cir. 2009)

(quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)). Allegations that are vague or conclusory are insufficient. *Ambassador Press, Inc. v. Durst Image Tech. U.S., LLC*, 949 F.3d 417, 421–22 (8th Cir. 2020). Likewise, an allegation pleaded on information and belief does not satisfy the particularity standard unless the allegation "set[s] forth the source of the information and the reasons for the belief." *Id.* at 421 (quoting *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 590 (8th Cir. 2018)).

By comparison, an allegation is plausible insofar as it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschroft*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Plausibility determinations are highly context-specific, and they demand "the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Plausibility is not a "probability requirement" because plausibility demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. For example, "a complaint [that] pleads facts that are 'merely consistent with' a defendant's liability" does not satisfy the plausibility standard. *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 557). Likewise, a plaintiff is not entitled to relief if the court cannot "infer more than the mere possibility of misconduct." *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). In short, plaintiffs need to allege sufficient facts to show the defendants are liable for specific causes of action.

2. *Applying the pleading standards.* Now, we apply the relevant pleading standards to Nahas's second amended petition. Of the petition's seven counts,

only counts I and IV have met the applicable pleading standards and will survive the defendants' motion to dismiss as a matter of law.

a. *Count I: libel per se.* Nahas's allegation of libel per se is satisfactory under the heightened pleading standards. The allegation not only informs the defendants that his termination letter's publication is the basis for the libel claim but it is particular and plausible as well. Nahas specifies with particularity that the defendants publicly released to news outlets a termination letter that accused Nahas of dishonesty. Assuming these allegations are true, we can plausibly infer the defendants committed libel per se based on this conduct. The district court correctly denied the motion to dismiss on this count.

b. *Count II: wrongful discharge in violation of public policy.* Count II of the second amended petition fails as a matter of law. The petition refers broadly to "the public policy of the State of Iowa" and relies on Polk County policies as sources of public policy. Nahas cites no caselaw, statute, administrative regulation, or constitutional provision as a source of a public policy that the defendants might have violated. "[W]e have consistently refused to recognize the existence of alleged public policies based in general and vague concepts of socially desirable conduct, internal employment policies, or private interests." *Berry v. Liberty Holdings, Inc.,* 803 N.W.2d 106, 110 (Iowa 2011). Nahas has therefore failed as a matter of law to allege a claim for wrongful discharge because he has not cited acceptable sources of public policy. The district court erred by denying the motion to dismiss with respect to count II.

c. *Count III: extortion.* The extortion claim fails the heightened pleading standard. Nahas principally alleges that Polk County put him on administrative leave and threatened to terminate his employment to induce him to make statements that would harm Matt McCoy politically. By statute, extortion requires that a person take one of seven proscribed actions to obtain a tangible or intangible benefit. Iowa Code § 711.4. We do not believe that the conduct Nahas alleged plausibly amounts to extortion. Nahas's allegations do not show "more than a sheer possibility," *Ashcroft*, 556 U.S. at 678, that the alleged actions constitute threats or coercion because the allegations are much more consistent with a good-faith investigation into potential workplace misconduct. The district court erred by denying the motion to dismiss count III.

d. *Count IV: civil conspiracy.* Nahas alleges a civil conspiracy with sufficient particularity and plausibility. "Civil conspiracy is not in itself actionable; rather[,] it is the acts causing injury undertaken in furtherance of the conspiracy which give rise to the action." *Basic Chems., Inc. v. Benson*, 251 N.W.2d 220, 233 (Iowa 1977) (citing *Shannon v. Gaar*, 6 N.W.2d 304, 308 (Iowa 1942)). The second amended petition plausibly alleges that two or more of the defendants combined to defame Nahas and deprive him of the benefits of his employment throughout the period leading up to his termination. From that, we can infer liability for civil conspiracy to commit libel against Nahas, assuming the allegations in the second amended petition to be true.

Under the notice pleading standard, Nahas's conspiracy claim also survives the motion to dismiss. *See Robbins v. Heritage Acres*, 578 N.W.2d 262,

265 (Iowa Ct. App. 1998) (concluding a plaintiff's petition set out a set of facts that could support a civil conspiracy claim). The district court correctly denied the motion to dismiss Nahas's civil conspiracy allegation.

e. *Count V: intentional infliction of emotional distress.* The intentional infliction of emotional distress allegation fails the plausibility pleading standard. It is not plausible that publishing a termination letter amounts to the type of outrageous conduct the defendants would have to have committed to be held liable. The facts that Nahas alleges are not consistent with the type of outrageous conduct that would constitute intentional infliction of emotional distress. *See Lennette v. State*, 975 N.W.2d 380, 391–92 (Iowa 2022) (listing the elements of an intentional infliction of emotional distress claim). It is not uncommon for supervisors to terminate employees, and other people such as coworkers and clients learn about the termination—and the reasons for it—with regularity. The district court erred when it denied the motion to dismiss this claim.

f. *Counts VI and VII: violations of Iowa Code chapters 21 and 22.* Count VI does not satisfy the heightened pleading standard. The second amended petition fails to allege plausible and particular violations of chapter 21. Nahas claims that the Board met in a secret, unauthorized closed session and thereby violated Iowa Code section 21.3. But the basis for this allegation is a statement by the Polk County Administrator that the Board made the decision to terminate Nahas. Common sense and experience tell us that such a statement does not mean that the Board held a closed session in violation of section 21.3. Importantly, chapter 22 does not even require the Board to hold a public meeting to confer

with the Polk County Administrator about personnel decisions like terminating Nahas. Although Nahas states otherwise in his petition, that statement is a legal conclusion that we are not required to accept as true. *See Benskin*, 952 N.W.2d at 298.

Moreover, Nahas does not allege with particularity that a secret meeting ever occurred. He fails to state who attended the alleged meeting, when it occurred, or where it was held. He simply claims that the Board met jointly or by proxy in the days leading up to Nahas's termination. Without more specific particulars, Nahas has failed to satisfy the particularity standard of section 670.4A(3).

Further, count VII fails as a matter of law. Nahas is legally incorrect in arguing section 22.7 forbids Polk County from releasing information about his termination. *See* Iowa Code § 22.7(11)(*a*)(5). The exceptions listed in section 22.7 are not a basis for requiring the disclosure of documents. *See id.* § 22.7. Rather, they allow a lawful custodian of government documents to refuse to release documents that contain confidential information. *Id.* Whether the termination letter is confidential or not, Polk County still was not prohibited from releasing it under section 22.7. The district court erred by denying the motion to dismiss counts VI and VII.

**D. Section 670.4A's Constitutionality.** Finally, Nahas disputes section 670.4A's constitutionality. We decline to consider this argument because error was not preserved for our review. The district court never ruled on the statute's constitutionality. "It is a fundamental doctrine of appellate review that issues

must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut,* 641 N.W.2d 532, 537 (Iowa 2002) (citing *Metz v. Amoco Oil Co.,* 581 N.W.2d 597, 600 (Iowa 1998) (en banc)); *see also Peters v. Burlington N. R.R.,* 492 N.W.2d 399, 401 (Iowa 1992).

**IV. Conclusion.**

For these reasons, we affirm the district court's decision allowing counts I and IV to proceed and reverse the district court with respect to counts II, III, V, VI, and VII. We remand to the district court for proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

All justices concur except Mansfield, J., who takes no part.